# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALTON MARSHALL (#22443-424), ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 1667 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| ERIC WILSON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alton Marshall, filed suit, *pro se*, against Defendants, Metropolitan Correctional Center ("MCC") Warden Eric Wilson, Associate Wardens James Henry[1] and Janet Purdue, and Captain Antonio Salas, alleging a violation of his constitutional rights based on his custody classification and the resulting conditions of his confinement at the MCC. Presently pending before the Court is Defendants' motion to dismiss or, alternatively, for summary judgment, which seeks dismissal of this suit for failure to exhaust administrative remedies. Because the parties rely on materials outside the complaint, the Court will proceed on the motion for summary judgment. Plaintiff has also filed a motion pursuant to Fed. R. Civ. P. 56(f) for a declaration from his correctional counselor. The correctional counselor's affidavit is not required for the resolution of the pending motion. Accordingly, Plaintiff's motion is denied. Furthermore, for the reasons stated in this order, the motion for summary judgment is granted; and the motion to dismiss is denied as moot.

---

[1] Associate Warden James Henry is incorrectly identified in Plaintiff's complaint as James McHenry.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the non-movant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, by specific factual allegations, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

## FACTS

Plaintiff has been an inmate at the MCC since May 29, 2007. (Plaint.'s Declaration, ¶ 1). On June 2, 2007, Plaintiff received an Admission & Orientation Inmate Handbook that includes the procedures by which inmates at the MCC are to resolve grievances. (Vincent E. Shaw Declaration, ¶¶ 9-11).

On February 27, 2008, an Informal Resolution Form ("IRF") was issued to, and completed by, Plaintiff. (Plaint.'s Declaration, ¶ 4; Exh. to Plaint.'s Motion Pursuant to Fed. R. Civ. P. 56(f)). In that IRF, Plaintiff complained about being placed in segregation and the conditions of such

2

placement. (*Id.*). That same day, Plaintiff's correctional counselor returned the IRF to Plaintiff with the notation, "not able to resolve at this level," and issued Plaintiff a BP-9 Form. (*Id.*). Plaintiff did not submit the BP-9 Form. (Richard Hansford Declaration, ¶ 8; Vincent E. Shaw Declaration, ¶ 3).

The Bureau of Prisons ("BOP") has established an administrative remedy procedure through which an inmate may seek review of a complaint relating to any aspect of his confinement. (Richard Hansford Declaration, ¶ 6; 28 C.F.R. § 542.10 *et seq.*). Inmates are encouraged to first attempt to resolve their complaints informally. (*Id.*; 28 C.F.R. § 542.13). At the MCC, the informal consultation with a correctional counselor to resolve a grievance is documented on a BP-8 Form. (Vincent E. Shaw Declaration, ¶ 5). If the grievance is informally resolved, the correctional counselor signs the form and forwards the original form to the appropriate associate warden. (*Id.*). If the grievance cannot be informally resolved, the correctional counselor returns the BP-8 Form to the inmate and provides the inmate with a Request for Administrative Remedy, BP-9 Form. (*Id.*). When the inmate completes the BP-9 Form, he is to attach the BP-8 Form as documentation that he made an attempt to informally resolve the grievance. (*Id.*).

An inmate has twenty days from the date on which the basis of the grievance occurred to file his BP-9 Form. (Richard Hansford Declaration, ¶ 6; 28 C.F.R. § 542.14). Generally, the warden then has twenty days in which to respond to the inmate's grievance. (*Id.*). If the inmate is not satisfied with the warden's response, he may appeal the response to the Regional Office. (*Id.*; 28 C.F.R. § 542.15).

## ANALYSIS

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

An inmate must take all the steps required by the prison or jail's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Exhaustion is a precondition to filing suit, so that an inmate's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *Ford*, 362 F.3d at 398; *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999). The purpose of the exhaustion requirement is to give correction officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

Plaintiff argues that summary judgment should be denied because he submitted a BP-9 Form to his correctional counselor on February 27, 2007. Plaintiff attached a copy of this form to his motion under Fed. R. Civ. P. 56(f). (*See* Docket Entry # 34). However, the document that Plaintiff attached to his motion and that he submitted to his correctional counselor was a BP-8 Form, used

to document the informal attempt to resolve his grievance, not a BP-9 Form. The February 27, 2007 form clearly states that a BP-9 Form was provided to Plaintiff on that date, not received on that date. Furthermore, even if the form Plaintiff included in opposition to the motion for summary judgment was a BP-9 Form, Plaintiff did not appeal the denial of his grievance to the Regional Office, as required by the MCC and corresponding regulations.

Based on the above, Defendants have demonstrated that Plaintiff has not exhausted his administrative claims; and summary judgment is granted in Defendants' favor on this ground.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion pursuant to Fed. R. Civ. P. 56(f) is denied. Defendants' motion for summary judgment is granted, and the motion to dismiss is denied as moot.

Dated: 3-2-09

John W. Darrah
United States District Court Judge